# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

RUSSELL J. BLOOMFIELD,

    Plaintiff,

v.                                                        Civil Action No. __5:23-cv-00535__

FOREST RIVER, INC., and
CAMPING WORLD RV
SUPERCENTER – KATY[1],

    Defendants.

## NOTICE OF REMOVAL

Defendant Forest River, Inc. ("Forest River"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, by counsel, hereby removes this action from the Circuit Court of Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia, Beckley Division, the judicial district in which this action is pending. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff Russell J. Bloomfield ("Plaintiff") has pled two claims for relief under the Magnuson-Moss Warranty Act (the "MMWA"), 15 U.S.C. § 2301, *et seq.* for which the amount-in-controversy exceeds the statutory jurisdictional threshold of $50,000.00, exclusive of interests and costs. *See* 15 U.S.C. § 2310(d)(3). Forest River sets forth the grounds for removal as follows:

### INTRODUCTION

1.       Plaintiff commenced the above-captioned civil action by filing his Complaint in the Circuit Court of Raleigh County, West Virginia on June 30, 2023. [Docket Sheet from the Clerk

---

[1] Defendant Southwest RV Centers, LLC d/b/a Camping World RV Supercenter ("Camping World") was incorrectly named in Plaintiff's Complaint as "Camping World RV Supercenter – Katy." The correct name for this entity is Southwest RV Centers, LLC d/b/a Camping World RV Supercenter.

of the Circuit Court of Raleigh County, *Russell J. Bloomfield v. Forest River, Inc. and Camping World RV Supercenter – Katy*, Civil Action No. CC-41-2023-C-220, attached hereto as **Exhibit 1**.]

2.   Plaintiff served the Complaint on Forest River no earlier than July 12, 2023. [Summons & Compl., attached hereto as **Exhibit 2**; Service of Process Information, attached hereto as **Exhibit 3**.]

3.   Forest River and Camping World filed Notices of Bona Fide Defense on July 31, 2023.  [Forest River's Notice of Bona Fide Defense, attached hereto as **Exhibit 4**; Camping World's Notice of Bona Fide Defense, attached hereto as **Exhibit 5**.]

4.   In his Complaint, Plaintiff seeks to recover damages for Defendants' alleged breach of implied warranties and their alleged failures to include dispute resolution mechanisms meeting the requirements of certain regulations promulgated by the Federal Trade Commission ("FTC") under 16 C.F.R. Part 703.  [Ex. 2 at 11–13.]

5.   Plaintiff's claims arise out of his purchase of a new 2022 Cardinal Luxury 390FBX 5th Wheel recreational vehicle (hereinafter referred to as the "RV") for $114,754.78, plus additional taxes and fees.  [*Id.* at 4.]

6.   Attached to Plaintiff's Complaint is the Motor Vehicle Retail Installment Contract and Security Agreement (the "Agreement") between he and Camping World, which sets forth the purchase price of the RV, the down payment paid by Plaintiff towards the purchase price, all other taxes and fees charged to Plaintiff for his purchase of the RV, and other financing terms relevant to the transaction.  [*Id.* at 14–20.]

7.   Plaintiff alleges that he has experienced problems with the RV, and that Defendants' attempts to repair the RV were inadequate.  [*Id.* at 5.]

8. Plaintiff alleges that he believes these problems were caused by conditions of the RV that existed at the time he took possession of it, and that Defendants were aware of these alleged conditions. [*Id.*]

9. Plaintiff alleges that he requested Defendants to cancel the Agreement and return all money he paid towards the purchase price of the Agreement, but that Defendants refused. [*Id.* at 6.]

10. In addition to Plaintiff's request for damages for Defendants' alleged MMWA violations, Plaintiff also seeks to have the Agreement cancelled under the MMWA. [*Id.* at 11–12.]

## BASIS FOR REMOVAL

11. This Court has original federal question jurisdiction over the above-captioned civil action pursuant to 28 U.S.C. § 1331.

12. Plaintiff has asserted two counts under the MMWA, Counts III and IV, for both cancellation of the Agreement and, alternatively, for monetary damages pursuant to 15 U.S.C. 2310(d).

13. In 15 U.S.C. § 2310(d), Congress created a federal cause of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or under a written warranty, implied warranty, or service contract. . . ." *See Scott v. Toyota Motor Corp.*, Civil Action No. 5:13-cv-12283, 2013 WL 5372274, at *5 (S.D. W. Va. Sept. 24, 2013).

14. Section 2310(d) explicitly divests both federal courts and state courts with concurrent jurisdiction over claims under the MMWA but limits the jurisdiction of a federal court to claims exceeding the sum of $50,000.00, exclusive of interest and costs. *Id.* (citing 15 U.S.C. § 2310(d)(3)(B)).

15. District courts must not consider the value of pendent state law claims in assessing whether the amount-in-controversy has been met for purposes of original federal question jurisdiction over a claim under the MMWA. *See Misel v. Mazda Motor of Am., Inc.*, 420 F. App'x 272 (4th Cir. 2011); *see also Ansari v. Bella Auto. Grp., Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1071 (5th Cir. 1984); *Donahue v. Bill Page Toyota, Inc.*, 164 F. Supp. 2d 778, 782–83 (E.D. Va. 2001); *Rose v. A & L Motor Sales*, 699 F. Supp. 75, 77 (W.D. Pa. 1988).

16. Plaintiff's claims under the MMWA meet the statutory jurisdictional threshold of $50,000.00 because the purchase price for the RV under the Agreement, for which he seeks both cancellation and monetary damages, is $114,754.78. *See Baldwin v. Jarrett Bay Yacht Sales, LLC*, 683 F. Supp. 2d 385 (E.D.N.C. 2009) (noting, generally, that a plaintiff's claim under the MMWA arising out of their purchase of a yacht for over $1,951,000.00 "far exceeded" the MMWA's jurisdictional threshold of $50,000.00).

17. Indeed, under Count III of his Complaint, Plaintiff seeks, among other things, a declaration that the Agreement is cancelled and judgment against the Defendants for actual damages in an amount to be proven at trial.

18. Likewise, under Count IV of his Complaint, Plaintiff seeks, among other things, a declaration that the Agreement is cancelled and judgment against the Defendants for actual damages in an amount to be proven at trial.

19. At the very least, the down payment Plaintiff made towards the purchase price of the RV—$56,500.00—exceeds the statutory jurisdictional threshold of $50,000.00. [Ex. 2 at 14.]

20. While Forest River denies that Plaintiff is entitled to any of the monetary or equitable relief requested in his Complaint, it is clear from the allegations and relief sought by

Plaintiff that the amount-in-controversy exceeds $50,000.00, exclusive of interest and costs. Plaintiff seeks the cancellation of a contract for the purchase of a recreational vehicle valued at approximately $114,000.00. Plaintiff also seeks monetary damages for his purchase of the RV, which he contends breaches various express and implied warranties. Additionally, Plaintiff seeks an award of punitive damages for the conduct he alleges of Defendants.

21. Because Plaintiff asserts two claims under the MMWA, each of which involve an amount-in-controversy exceeding $50,000.00, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the above-captioned civil action is properly removed to federal court.

22. Pursuant to L.R. Civ. P. 3.4, the certified docket sheet from the Circuit Court of Raleigh County, West Virginia is attached as **Exhibit 1**.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon Defendants are attached hereto as **Exhibits 2–5**.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk for the Circuit Court of Raleigh County, West Virginia. The Notice of Filing of Notice of Removal to Federal Court, excluding exhibits, is attached hereto as **Exhibit 6**.]

25. This Notice of Removal is filed within 30 days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b). Indeed, this Notice of Removal is filed within 30 days of Forest River being served with the Complaint.

## CONSENT TO REMOVAL

26. All Defendants consent to removal to the United States District Court for the Southern District of West Virginia, Beckley Division. [*See* Notice of Consent to Removal, attached hereto as **Exhibit 7**.]

## NO WAIVER OF DEFENSES

27. Defendants, by removing the above-captioned civil action, do not waive and hereby reserve the right to assert any and all applicable defenses under Federal Rule of Civil Procedure 12(b). *See Corbitt v. Air Prod. & Chemicals, Inc.*, No. 6:07-CV-00200, 2007 WL 9718736, at *1 (S.D. W. Va. Aug. 31, 2007) (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 (1943)) ("A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.").

**WHEREFORE**, based upon the foregoing, Defendant Forest River, Inc. requests that this Court assume full jurisdiction over this matter, and that the Circuit Court of Raleigh County, West Virginia proceed no further in the case.

                FOREST RIVER, INC.,

                By Counsel,

*/s/ Corey L. Palumbo*
Corey L. Palumbo (WVSB #7765)
J. Tyler Barton (WVSB #14044)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
Telephone: (304) 347-1100
Facsimile: (304) 347-1746
cpalumbo@bowlesrice.com
tyler.barton@bowlesrice.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

RUSSELL J. BLOOMFIELD,

    Plaintiff,

v.                                                    Civil Action No. 5:23-cv-00535

FOREST RIVER, INC., and
CAMPING WORLD RV
SUPERCENTER – KATY,

    Defendants.

## CERTIFICATE OF SERVICE

    I, Corey L. Palumbo, do hereby certify that on the **10th day of August 2023**, the foregoing *Notice of Removal* was filed with the Clerk of the Court using the CM/ECF system, and that a copy of this document has been served upon the following by United States mail, postage prepaid:

> Anthony M. Salvatore (WVSB #7915)
> HEWITT & SALVATORE, PLLC
> 109 E. Main Street, Suite 200
> Beckley, West Virginia 25801
> T: (304) 574-0272
> F: (304) 460-4486
> asalvatore@hewittsalvatore.com
> *Counsel for Plaintiff*

                                        */s/ Corey L. Palumbo*
                                        Corey L. Palumbo (WVSB #7765)